IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 02-00202-KD-C |
| ZACHARY MAURICE CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Zachary Maurice Chapman's motion for jail credit (Doc. 110).[1] Defendant alleges that his "Good Time Data Sheet" reflects an improper forfeiture of good time earned between October 7, 2010 and October 6, 2011. (Id.). Upon consideration, and for the reasons set forth herein, Defendant's motion is **DENIED** for lack of jurisdiction.

Though district courts have original jurisdiction over the imposition of a sentence, the Federal Bureau of Prisons ("BOP") is responsible for computing that sentence and applying appropriate good time credit. Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (citation omitted). Before seeking judicial review of the BOP's credit calculation, a prisoner must first exhaust administrative remedies. Id. (citing United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990)); see also United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989) ("A federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence.").

The record before the Court does not indicate whether Defendant has exhausted his administrative remedies with the BOP. Because exhaustion of administrative remedies is

---

[1] Defendant, who is presently incarcerated at FCI Oakdale in Oakdale, Louisiana, has sought relief by sending a typewritten letter to the Clerk of Court. This Court liberally construes Defendant's letter as a motion for jail credit and addresses it accordingly.

1

jurisdictional, see Gonzalez, 959 F.2d at 212, this Court lacks jurisdiction to recalculate the amount of credit that Defendant may or may not be due. Accordingly, Defendant's motion must be **DENIED**.

The Clerk of Court is **DIRECTED** to mail a copy of this order to Defendant.

**DONE** and **ORDERED** this the **15th** day of **February 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**